1-4-3754 Ingrid Anderson et al v. City of Blue Ash Kathleen Ryan for appellant oral argument not to exceed 15 minutes per side May it please the court my name is Kathleen Ryan counsel for appellant CA Ingrid Anderson and housing opportunities made equal with the court's permission. I'd like to reserve three minutes for rebuttal, please fine This is a case about a young girl with um with multiple disabilities who seeks to use a service animal For her benefit to service her unique needs relative to her disability on her property within the City of Blue Ash We asked this court to reverse The summary judgment granted in favor of the defendants for race judicata claimant issue preclusion issues as well as against the plaintiff's claims for Americans with Disabilities Act and the Fair Housing Act The court erred in granting this summary judgment motion for four reasons first it ruled that The plaintiff's claims were barred by issue preclusion Second by claim preclusion third that there were no genuine issues of material fact Regarding the ADA claims and fourth the same as to the Fair Housing claims It is important to remember on a summary judgment motion that the court should accept the non-moving parties evidence as true and draw all justifiable inferences in that party's favor and The court may disregard Evidence brought forth on part of the defendants Where the jury is not required to believe Regarding the myriad issues at stake with both the Fair Housing issues in Americans with Disabilities Act We believe that There have there remain genuine issues of material fact as to each of the salient issues in both of those claims But she raised as a defense to her criminal prosecution the ADA So why wouldn't there be issue preclusion? Well, this is a very unique Claim set forth by the defendants. I believe that there are a number of Ohio cases that state that a defendant when have when they have a Involuntarily by a public entity they cannot raise ADA or Fair Housing claims as a defense But what about this ordinance that said that she would be allowed to have an animal Permitted by federal law and she wasn't her defense in the criminal case. I'm allowed to have the mini horse under federal law correct, and I believe that While that ordinance is facially neutral and she did argue that I believe that her argument would If followed would result in possibly the dismissal of her case at the municipal court level however I don't think that conflicts with the cases that plaintiffs have set forth that state that there is no ability to actually raise the ADA or Fair Housing issues insofar as their ability to receive remedies and Be provided the types of procedures that should be allowed to disabled persons in both the ADA and Fair Housing context What case authority do you have for that statement? There are a number of cases Scheidler, In re Harmon, In re Rodriguez, In re Moore All of these cases speak to an instance where the defendant Sought to raise the ADA claim as a defense when there was something brought involuntarily against them three of them have to do with state child services County child services child custody issues where they raised ADA as a defense also Epler was a Fair Housing case that did the same. Were any of those cases where the ADA claims were raised in defense In a criminal action and and and then subsequently there was a federal lawsuit that was Not prevented from going forward based on the issue of preclusion or claim Preclusion. No, and I think that this you say no. I say no these are not like that Well, what are you citing them for then? I was asking for for authority that would Support the conclusion you had given in response to Judge Moore The defendants have cited to several cases that have to do with a criminal defendant in the first case and then the attempt to raise section 1983 actions with constitutional arguments in the subsequent case and our position is that there is a distinction between The ability to raise a 1983 action in the prior criminal case Versus this particular action where she's attempting to raise ADA and Fair Housing claims And one of the I think important concern that I have is I understand your point with respect to claim preclusion that The defense that she can raise in the criminal case Doesn't afford her the full panoply of benefits that a private plaintiff can get by bringing a separate lawsuit To enforce their rights under the ADA or the FHA so The the concern is issue preclusion if she raised the ADA issue in Arguing she shouldn't have been convicted. She shouldn't be convicted Is it in fact the same issue That's going to be involved in the case that we have in front of us now on appeal Yeah, I believe that With these with the issue of issue preclusion Not only do you need a full and fair opportunity to litigate It needs to be actually litigated and it needs to be necessary to the outcome of the proceeding And I believe here that the issues were not actually and fully and fairly fairly Litigated in the way contemplated by both the Fair Housing and ADA statutes. Well again, I can see your point FHA because I FHAA Because I think she didn't really do much with the FHAA in front of the criminal court But didn't she raise Fully the ADA issue She did mention the ADA issue and both parties argued regarding not only the current case But the prior BZA and council decisions regarding other horses that the child previously had and I believe that With those they relied on some of the past processes that were not appropriate processes for evaluating in a service animal within the ADA context and Without the use of that proper procedure set forth in the ADA I don't believe that the issues were fully and fairly litigated In that would you be precise then about what what procedures and and so forth were not available to her in the criminal case yes, the Code of Federal Regulations requires that there is a grievance procedure set forth by a public entity and that they have a designated person fully versed in the ADA to Administer that procedure secondarily, there's a proper service animal inquiry that states that when you Inquire about a service animal status you have to ask if the animal is required because of the disability and secondarily Is it what is it trained to do? You're not able to ask about licensure certification anything to that effect and then Third I believe that there are certain Requirements as to the the miniature horse specifically and I believe this process was set forth with a lot of contemplation on part of the legislature and As to the the regulations Solely for the fact to protect the rights of a disabled person and provide them evaluation in a context where all parties understand their burden of proof and their duty as to evaluating these versus Their obligations to protect the health safety and welfare I don't believe since you're saying that the issue is not really an identical issue In the criminal case versus what the issue is going to be in the civil case that you are bringing Yes, I believe that the municipal court attorney or excuse me the judge deferred to the mayor's court and Really made sort of an ad hoc determination and really she Granted a default. She handed out a default judgment stating that finding in Ingrid Anderson guilty and that did not describe in any way How she ruled or determined those issues and that was one of the elements of issue preclusion that it should be specifically reviewed and evaluated And I think another important point as to the municipal court Argument is that this had to do only with Ingrid. This doesn't implicate either home or her child CA in really getting a Fair process under the ADA or fair housing When it is brought as with her mother as a defendant Before the municipal court. Well, we decide that the Other parties were in privity with with her then they would be bought as well. Would they not? If they were in privity privity, they would be but I I disagree with that statement in so far as the cases that find privity generally have to do with Civil cases and this is a very unique case in that it has to do with a criminal defendant who against whom charge was brought involuntarily and where you could never join the other parties and so in this instance if if a public entity is acting in You know, I'm problem. I'm having with the argument issue making all these statements, but you're not citing any cases anything If you could give us some authority for these things you're saying that that would be very helpful Again I believe that The defendant cited to Lisboa through the Sixth Circuit that again was in 1983 action Where there was a prior civil case, but other cases that where there was a prior criminal case again had to do with 1983 actions, I don't believe that there is any case that really rules on the matter of is Where a criminal defendant Has a charge brought against them involuntarily and they raise Specifically the ADA or the fair housing issues as a defense that that specifically could bar issue preclusion I believe that's really an issue of First-impression we were not able to find Cases that that deal with that issue specifically as we were with the section 1983 and constitutional challenges So as I recall this case home Actively participated in the criminal trial. Yes testified on behalf of Ms. Anderson sought same or similar relief so Does that Mean how does that Take them out of the realm of Privity when they're really Arguing the same You know issues and have the same interest other than they're not subject to conviction Typically the basis is to avoid the repetition of claims and in this particular case Home could not have ever have joined itself in that criminal case And so by virtue by ruling that way, it would preclude home and CA from ever bringing an FHA or ADA claim simply by virtue of fact that the public entity acting In violation of the ADA chose to bring criminal charges. I know your time has expired but as to CA And the issue of privity so CA would not be subject to a fine and as I understand it in the in the state court, but the interest that CA had was similar if not identical to the interest of Anderson Would you agree to that? I would agree to that, but I believe that mechanically in this particular instance where there is a municipal court criminal case that there's a distinction between The line of cases that state that the privity is sufficient. And those are the cases that you've Referred Judge Clay to? Yes. Hopefully Okay, your initial time has expired you'll have your full rebuttal Good morning, Mark Vander Laan For the appellee Blue Ash, Ohio with me today is Brian Pacheco my partner and also the current city solicitor for Blue Ash, Ohio. I Think I'd like to deal with the privity issue first because I think it certainly is the clearest Issue we have here and that is that as regards home Home not only was Aligned with Miss Anderson in the criminal case home essentially counseled Miss Anderson in the case and indeed according to Miss Anderson's own testimony home was the one that Suggested she not appealed the decision Furthermore it was a home representative who was even permitted to testify at trial I would submit in many courtrooms would not be allowed to testify as far as he did because It was an individual is essentially Attempting to recite what the law is to to the court so is home In privity because it was a witness whereas if it hadn't been a witness it wouldn't be in privity no, I think it would have been in privity even if it had not been a witness because It was clear from the record that and admittedly so by Miss Anderson that they were counseling her on What to do with the council to a party is in privity with a party I think a council to a party typically is going to be in privity with a party Yes, is there a case that you would rely on for that? Not not as counsel. No because I wasn't worried about they were not counsel. I know I Was a hypothetical But I'm trying to draw out what what the limits are and I would think that Many counsel would be upset by that assertion that they would be in privity with their clients because they're Arguing for their clients, but well except as to as to the specific issues that they may be arguing I Turn to my ethics text and suggest that it Counsel may be required to be in privity for certain certain aspects of it But but it would also deter people from being witnesses in cases if they knew that that their testimony in someone's criminal trial Would preclude them from ever arguing this Important point to them in a later case, you know, the consequences are sort of stark Well, it's strange because you wouldn't typically wouldn't have a lawyer testifying About what the law is or is supposed to be in such a case, but that's what we had here one thing that troubles me about this criminal case is that the Trial the municipal court trial judge as I understand it and correct me if I'm wrong simply Said she was going to take a matter under advisement and then comes back and says guilty and there's nothing else There's no explanation or anything at all. So, how do we know what was actually decided by that? State court judge your case law is rather clear that finding of guilt encompasses That which was raised or could have been raised moreover in this case I think we can tell what she decided because the only thing that was at issue in the trial was whether or not This was an animal that was permitted by Federal law in and as stated as part of their defense not as part of their defense as the entirety of their defense under the ADA or the FHA Was the author represented a a issue actually litigated? Yes One could say it wasn't litigated particularly artfully, but that's not the issue. It was raised a circular From I believe the Department of Justice was introduced as evidence That discussed both the FHA and the ADA by the way It's the same evidence that then was produced in this particular case in the lower court in response to the motion for summary judgment one can look at what was presented in the municipal court case on behalf of The appellants here and find virtually no distinction from what was presented as an attempt to overcome the motion for summary judgment in the district court here. Well am I correct in terms of the Fair Housing Act that it was raised, but it was raised I think in connection with some cross-examination briefly was it More fully yeah, well it was in the circular that was presented Yes, it was that was was that during a cross-examination of one of the parties No, I think it was it was one of the defense exhibits, okay? That's it so it was an exhibit, but to what extent was it actually raised during the proceedings Well, just just doesn't well. I understand. It's an exhibit, but to what extent was it actually raised before the court other than it's just one of any number exhibits that have been presented maybe admitted to the court it was mentioned along with ADA and Again the point is it was raised It was something to be considered when you say it was raised what you're saying It was it's raised because it was an exhibit sure okay, but in terms of issue preclusion We need something to have been actually litigated. Can you point us to the place in the municipal court? Transcript where there's discussion of the FHAA Somewhere pages 70 to 75 in that range mm-hmm So what issue was litigated vis-a-vis the FHAA? The issue would have been simply that the FHAA somehow would permit this animal Even though there was sparse presentation about what it was that this animal did Okay, I don't I've got 70 75 and 66 Page ID number 281 So 66 there's a question. There's an answer under the Fair Housing Act. There are no restrictions on what an animal What animal can be considered an assistance animal and That's the is that the only place that they talk of I guess on the previous Page they're talking well, so that's where we should look. I don't want to waste your time Yeah, that that's what was presented by counsel at a court as I say it. That's what they presented That's about as much as they've presented in the lower court here as well So On claim preclusion there was a question about whether a person could get affirmative relief That is available under the ADA if a person brings an action for instance in federal court to Get the same kind of Opportunities when one raises the defense in the municipal municipal court criminal case yes because the issue there is if the horse is permissible under federal law and the court so finds in the in the criminal case then There is no basis upon which the city would be able to preclude But the animal but couldn't the owner of the horse for the disabled person get damages in a Civil action that the person would file for instance to enforce the ADA But couldn't get such damages when raising it as a defense to the criminal prosecution well Theoretically one could bring a case after the criminal not under claim preclusion. Could you? Well if she won if she won isn't isn't claim preclusion both merger and bar No, because that wouldn't be an issue that was actually litigated the question is actually litigated is issue preclusion Yes, it's claim preclusion precludes you from raising anything that you could have raised So I suppose your argument would be you couldn't raise damages Right in the criminal case and therefore. It's sort of a partial claim preclusion, but that would be true in virtually every other case that accepts Preclusion in either sense arising out of a prior criminal case So what are the what are the best cases that you would have us look at for both? Claim and issue preclusion in this really unique context to us at least of A and the initial case being a criminal case Well I think Liz Bo is a good case although. I think Liz Bo is not involving a criminal case for say the Parkins case Because I'm curious if there's any case Speaking frankly it's troubling to think that someone who's been sued in criminal court for a relatively minor Criminal violation is Put to the test of really foregoing her civil remedy under the ADA or the FHAA By virtue of there, you know, what is the it's a small fine is what one gets in the criminal case and I'm just wondering if there's some persuasive Opinions that you would point us to that would say sure claim preclusion and issue preclusion should apply here I think 540 54 55 Parkins drive versus pool from 2010 Which we cited all of these, but I think we've cited I believe Although there were The case came out a different way, but at least the Concepts Were also articulated well in McKinley versus city of Mansfield Which also cite state versus Williams, I guess is that one that would be applicable here. Yeah, that would be a state court case But Lisboa Parkins is the one that kind of kind of squarely addresses it it was None of the judges here run that particular panel, but it's One of your decisions McKinley versus city of Mansfield. I believe judge clay was Instrumental in that one So, what do you think about the Epler versus city of Cleveland case Well, I Don't think there's any case that they've cited including that one that really address what we have here and that is The square issue is this in the criminal case we have there has been a A well an opportunity for a full Presentation and indeed a discussion about all the elements of it By counsel for miss Anderson in that context it provided the entire substantive base for the entire Theory that they now have they lost They tried to raise the same claims here. And by the way, I I don't want to neglect the fact that we believe that There is yet one other basis in this case, which in some ways may be More clear and laying things on that was the earlier administrative process Through the Board of Zoning Appeals up through the City Council and then the Decision not to appeal into the Common Pleas Court by Miss Anderson admittedly involved different horse or horses, but same issues applied in the whole issue of service animal and Particularly service animal were laid out during that proceeding And expressly rejected by written opinion that was issued by the City Council They had the right to appeal that into Common Pleas Court under revised code 2506 and was a home a party to that proceeding Home was not a party to that But I submit whether they were or not They should be deemed to be in privity. By the way, those those issues the transcript of that was Not the transcript, I'm sorry, the findings were introduced in the Municipal Court case as well and acknowledged by Miss Anderson And acknowledged she didn't appeal so Would would Anderson have been able to get the full remedies under the ADA and FHAA if she had appealed the City Council determination the administrative determination to the Common Pleas Court she certainly would have been able to get all of the all of the Right to have the horse on her property if she could prevail yes if she'd be able to Have damages that the ADA and or FHAA would Allow her to have if she brought her own independent action if she brought it as an appeal to the Common Pleas Court On the directive on that appeal not necessarily but typically in situations like that one brings a declaratory judgment action as well For those of us who do a lot of zoning work that's the common practice You mean you bring it Contemporaneously a declaratory judgment action in the Common Pleas Court, and then you have them join so that yes Okay your time has expired, thank you appreciate it. Miss Ryan you have your rebuttal time With regard to the question about the administrative process We would first contend that the lower district court found on the issues of claim and issue preclusion based solely on Anderson's prior criminal trial, but even if he founds Race to Dakota on the basis of the prior administrative proceeding There are a couple issues regarding that the 2506 appeal is a record hearing limited to the transcript Below to the prior court below and With a case of a zoning process there are things directly in conflict with the fair housing and ADA issues There are certain processes that should be followed to determine whether an animal is in a service animal on the other hand zoning has certain issues regarding notice and hearing and To some public participation and opinion and Most importantly no damages or attorneys fees are able to be awarded in either the declaratory Judgment action or the 2506 appeal in that instance So you're saying that the declaratory judgment action that your opponent referenced would not provide you the full remedies Correct, and I think the cases the few cases that did determine Where a FHA or ADA claim was raised as a defense It was that very reason that there was a certain process and certain remedies made available By Congress when drafting the ADA and Fair Housing Amendments Act and that these are simply unavailable in that context and is what case do you rely on is that that is that Epler? Yes, and Ray Harmon Ray Rodriguez The the very few cases that deal with that issue and I believe that's important because per ABS industries the federal court is to look to the state courts treatment of claim and issue preclusion and while that's not a direct ruling on those it does speak to the issues of the ability to bring in and process those cases those claims within the context of fully and fairly litigating and joining certain parties I Would ask this court to reverse the lower courts summary judgment motion granted in favor of defendants as to the race judicata issue the Americans with Disabilities Act and the Fair Housing Act claims. We believe that there are myriad Genuine issues and material fact as to the ADA and Fair Housing issues. We believe that a claim and issue preclusion Barring these claims is inappropriate in this particular context. Thank you Okay. Thank you. Ms. Ryan and thank you both counsel for your arguments today. We do appreciate them The case will be submitted